IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RED LION MEDICAL SAFETY, INC.,<br>   *et al.*,<br>          Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>   *et al.*,<br>          Defendants. | Civil Action No. 2:15-CV-00308 |

## VERDICT FORM

You, the jury, are to answer the following questions based on the evidence admitted at trial and according to the instructions the Court has given you. Start with Part 1 and proceed through this verdict form according to the directions provided.

1. **Market Definition**

   1.1. Do you find from a preponderance of the evidence that the United States is the appropriate geographic market?

   Answer "Yes" or "No" with respect to each of the following relevant markets:

   i.     GE anesthesia machine servicing      *yes*

   ii.    anesthesia machines              *yes*

*If you have answered "No" to this question for any proposed market, you should no longer answer any questions in this form with respect to that proposed market. If you answer "No" for both proposed markets, you should stop, and the foreperson should sign the last page of the form.*

1.2. Do you find from a preponderance of the evidence that the servicing of GE anesthesia equipment by external technicians, excluding the servicing of such equipment by in-house technicians, and the sale of GE anesthesia machines are correctly defined product markets?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.  GE anesthesia machine servicing _____*Yes*_____

ii. anesthesia machines _____*yes*_____

*If you have answered "No" to this question for any proposed market, you should not answer any further questions in this form with respect to that proposed market. If you answer "No" for both proposed markets or for the only remaining market you are considering after question 1.1, then you should stop, and foreperson should sign the last page of the form. If you have answered "Yes" to any or both of the proposed markets in this question, proceed to Part 2 and answer the questions corresponding to that market.*

## 2. Monopolization

2.1. Do you find from a preponderance of the evidence that GE has monopoly power in the relevant markets?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.  GE anesthesia machine servicing _____*yes*_____

ii. anesthesia machines _____*yes*_____

*If you have answered "No" to this question for any proposed market, you should not answer any further questions with respect to that proposed market in Part 2 (monopolization). If you have answered "No" to this question for both proposed markets, you should go directly to Part 3 (attempted monopolization). If you have answered "Yes" to any or both of the proposed markets in this question, proceed to the next question and answer the questions corresponding to that market.*

2.2. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct within the relevant markets?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.  GE anesthesia machine servicing            *yes*

ii. anesthesia machines                        *yes*

*If you have answered "No" to this question for any proposed market, you should not answer any further questions with respect to that proposed market in Parts 2 (monopolization) or 3 (attempted monopolization). If you have answered "No" to this question for both proposed markets, you should stop, and the foreperson should sign the last page of the form. If you have answered "Yes" to any or both of the proposed markets in this question, proceed to the next question and answer the questions corresponding to that market.*

2.3. For each of the markets for which you found the answer to be "Yes" in question 2.2 above specify by writing "Yes" in each box below for the anticompetitive conduct that forms the basis of your answer.

|  | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | yes | yes |
| Training policies | yes | yes |
| GE marketing communications | yes | yes |
| Software notifications and update policies | yes | yes |

## 2.4. Monopolization - Injury and Causation

2.4.1. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant

markets, thereby proximately causing injury to Red Lion's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.2. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Universal Medical Services' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.3. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Metropolitan Medical Services of NC's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | Yes | yes |
| Training policies | yes | yes |
| GE marketing communications | yes | yes |
| Software notifications and update policies | yes | yes |

2.4.4.  Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Biomedical Concepts' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | Yes | yes |
| Training policies | yes | yes |
| GE marketing communications | yes | yes |
| Software notifications and update policies | yes | yes |

2.4.5.  Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Anesthesia Services' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.6. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Diversified Anesthesia's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.7. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Paragon Service's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | yes | Yes |
| Training policies | yes | yes |
| GE marketing communications | yes | Yes |
| Software notifications and update policies | yes | yes |

2.4.8. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Bay State Anesthesia's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.9. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to POPN's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | *Yes* |
| Training policies | *Yes* |
| GE marketing communications | *Yes* |
| Software notifications and update policies | *Yes* |

2.4.10. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to GasMedix's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | *Yes* |
| Training policies | *Yes* |
| GE marketing communications | *Yes* |
| Software notifications and update policies | *Yes* |

2.4.11. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to West Coast Anesthesia Specialists' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | Yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.12. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Palo Verde Biomedical Consultants' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.13. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Heartland Medical Sales & Services' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | yes | Yes |
| Training policies | yes | yes |
| GE marketing communications | yes | yes |
| Software notifications and update policies | yes | yes |

2.4.14. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Medical Application Repair and Sales' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | yes | yes |
| Training policies | yes | yes |
| GE marketing communications | yes | yes |
| Software notifications and update policies | Yes | yes |

2.4.15. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Gulfstream Anesthesia Service, Inc., d/b/a Doctors Depot's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | Anesthesia machine sales |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.16. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to SAS Acquisitions, Inc., d/b/a Anesthesia Specialties' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

2.4.17. Do you find from a preponderance of the evidence that GE acquired or maintained monopoly power by anticompetitive conduct within the relevant markets, thereby proximately causing injury to Trinity Biomedical Solutions' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | *Yes* |
| Training policies | *Yes* |
| GE marketing communications | *Yes* |
| Software notifications and update policies | *Yes* |

3. **Attempted Monopolization**

3.1. Did you answer "Yes" to question 2.3 (anticompetitive conduct) above with

respect to either of the following relevant markets?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.    GE anesthesia machine servicing                    *Yes*

ii.   anesthesia machines                                     *Yes*

*If you have answered "No" to this question for any proposed market, you should not answer any further questions with respect to that proposed market in Part 3 (attempted monopolization). If you have answered "No" to this question for both proposed markets, you should stop, and the foreperson should sign the last page of the form. If you answered "Yes" with respect to either of the proposed markets, go to the next question.*

3.2. Do you find from a preponderance of the evidence that GE had a specific intent

to achieve monopoly power and that there was a dangerous probability that GE

would achieve its goal of monopoly power?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.    GE anesthesia machine servicing                    *Yes*

ii.   anesthesia machines                                     *Yes*

*If you have answered "No" to this question for any proposed market, you should not answer any further questions with respect to that proposed market in Part 3*

*(attempted monopolization).   If you have answered "No" to this question for both proposed markets, you should stop, and the foreperson should sign the last page of the form. If you answered "Yes" with respect to either of the proposed markets, go to the next question.*

### 3.3. Attempted Monopolization - Injury and Causation.

3.3.1.  Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Red Lion's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.2.  Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Universal Medical Services' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.3.  Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Metropolitan Medical Services of NC's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | Yes | Yes |
| Training policies | Yes | Yes |
| GE marketing communications | Yes | Yes |
| Software notifications and update policies | Yes | Yes |

3.3.4.  Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Biomedical Concepts' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | Yes | Yes |
| Training policies | Yes | Yes |
| GE marketing communications | Yes | Yes |
| Software notifications and update policies | Yes | Yes |

3.3.5.  Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it

would, acquire or maintain monopoly power within the relevant markets, thereby

proximately causing injury to Anesthesia Services' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.6. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Diversified Anesthesia's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.7. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Paragon Service's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | Yes | Yes |
| Training policies | Yes | Yes |
| GE marketing communications | Yes | Yes |
| Software notifications and update policies | Yes | Yes |

3.3.8.  Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Bay State Anesthesia's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | Yes |
| Training policies | Yes |
| GE marketing communications | Yes |
| Software notifications and update policies | Yes |

3.3.9.  Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to POPN's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.10. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to GasMedix's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.11. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to West Coast Anesthesia Specialists' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.12. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Palo Verde Biomedical Consultants' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | yes |
| Training policies | yes |
| GE marketing communications | yes |
| Software notifications and update policies | yes |

3.3.13. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Heartland Medical Sales & Services' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | | |
| Training policies | Yes | Yes |
| GE marketing communications | Yes | Yes |
| Software notifications and update policies | Yes | Yes |
| | Yes | Yes |

3.3.14. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Medical Application Repair and Sales' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing | Anesthesia machine sales |
|---|---|---|
| Alpha Source agreement | | |
| Training policies | Yes | Yes |
| GE marketing communications | Yes | Yes |
| Software notifications and update policies | Yes | Yes |
| | Yes | Yes |

3.3.15. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Gulfstream Anesthesia Service, Inc., d/b/a Doctors Depot's business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | Anesthesia machine sales |
|---|---|
| Alpha Source agreement | Yes |
| Training policies | Yes |
| GE marketing communications | Yes |
| Software notifications and update policies | Yes |

3.3.16. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to SAS Acquisitions, Inc., d/b/a Anesthesia Specialties' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

|  | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | Yes |
| Training policies | Yes |
| GE marketing communications | Yes |
| Software notifications and update policies | Yes |

3.3.17. Do you find from a preponderance of the evidence that GE engaged in anticompetitive conduct with the intent to, and the dangerous probability that it would, acquire or maintain monopoly power within the relevant markets, thereby proximately causing injury to Trinity Biomedical Solutions' business or property?

Answer "Yes" or "No" for each action and relevant market specified in the box below.

| | GE anesthesia machine servicing |
|---|---|
| Alpha Source agreement | _yes_ |
| Training policies | _yes_ |
| GE marketing communications | _yes_ |
| Software notifications and update policies | _yes_ |

*If you have answered "Yes" to any of questions 2.4.1 through 2.4.17 (monopolization - causation and injury) or 3.3.1 through 3.3.17 (attempted monopolization - causation and injury), proceed to the subparts of Section 4 that correspond to the Plaintiffs for which you determined there was causation and injury.*

4. **Damages for Antitrust Claims**

    **4.1. Red Lion**

        4.1.1.  Has Red Lion proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

    i.    GE anesthesia machine servicing     _yes_

        4.1.2.  What sum of money, if any, would fairly and reasonably compensate Red Lion for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

    i.    GE anesthesia machine servicing     _2,066,474_

**4.2. Universal Medical Services**

4.2.1. Has Universal Medical Services proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws.

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing          _yes_

4.2.2.  What sum of money, if any,  would fairly and reasonably compensate Universal Medical Services for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing          _602,400_

**4.3. Metropolitan Medical Services of NC**

4.3.1.  Has Metropolitan Medical Services of NC proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing          _yes_

ii.     anesthesia machines                      _yes_

4.3.2. What sum of money, if any, would fairly and reasonably compensate Metropolitan Medical Services of NC for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.     GE anesthesia machine servicing     _7,837,005_

ii.    anesthesia machines     _4,351,200_

## 4.4. Biomedical Concepts

4.4.1. Has Biomedical Concepts proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.     GE anesthesia machine servicing     _yes_

ii.    anesthesia machines     _yes_

4.4.2. What sum of money, if any, would fairly and reasonably compensate Biomedical Concepts for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.     GE anesthesia machine servicing     _2,994,633_

ii.    anesthesia machines     _0_

**4.5. Anesthesia Services**

4.5.1. Has Anesthesia Services proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing        <u>          </u>

4.5.2. What sum of money, if any, would fairly and reasonably compensate Anesthesia Services for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing        <u>2,450,770</u>

**4.6. Diversified Anesthesia**

4.6.1. Has Diversified Anesthesia proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing        <u>          </u>

4.6.2.  What sum of money, if any, would fairly and reasonably compensate Diversified Anesthesia for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing      _1,231,477_

## 4.7. Paragon Service

4.7.1.  Has Paragon Service proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing      _Yes_

ii.     anesthesia machines      _yes_

4.7.2.  What sum of money, if any, would fairly and reasonably compensate Paragon Service for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing      _3,478,272_

ii.     anesthesia machines      _2,663,495_

### 4.8. Bay State Anesthesia

4.8.1. Has Bay State Anesthesia proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.  GE anesthesia machine servicing       yes

4.8.2. What sum of money, if any, would fairly and reasonably compensate Bay State Anesthesia for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.  GE anesthesia machine servicing      897,501

### 4.9. POPN

4.9.1. Has POPN proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.  GE anesthesia machine servicing       yes

4.9.2.  What sum of money, if any, would fairly and reasonably compensate POPN for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing          3,275,959

## 4.10.    GasMedix

4.10.1. Has GasMedix proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing          yes

4.10.2. What sum of money, if any, would fairly and reasonably compensate GasMedix for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing          1,537,893

## 4.11.    West Coast Anesthesia Specialists

4.11.1. Has West Coast Anesthesia Specialists proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation

and its injury to its business or property that was caused by the conduct you found to

violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing          _____Yes_____ 

4.11.2. What sum of money, if any, would fairly and reasonably compensate West Coast

Anesthesia Specialists for the injury to its business or property that you have found

to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing          _1,259,533_____

**4.12.      Palo Verde Biomedical Consultants**

4.12.1. Has Palo Verde Biomedical Consultants proven that its damages, if any, can be

apportioned between its injuries that were unrelated to the alleged antitrust violation

and its injury to its business or property that was caused by the conduct you found to

violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing          _yes_____

4.12.2. What sum of money, if any, would fairly and reasonably compensate Palo Verde

Biomedical Consultants for the injury to its business or property that you have

found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.     GE anesthesia machine servicing     _1,724,529_

**4.13.**     **Heartland Medical Sales & Services**

4.13.1. Has Heartland Medical Sales & Services proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.     GE anesthesia machine servicing     _yes_

ii.     anesthesia machines     _yes_

4.13.2. What sum of money, if any, would fairly and reasonably compensate Heartland Medical Sales & Services for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.     GE anesthesia machine servicing     _3,408,991_

ii.     anesthesia machines     _1,109,568_

**4.14.**     **Medical Application Repair and Sales**

4.14.1. Has Medical Application Repair and Sales proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation

and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing        _____*Yes*_____

ii.     anesthesia machines                     _____*Yes*_____

4.14.2. What sum of money, if any, would fairly and reasonably compensate Medical Application Repair and Sales for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing        _*1,350,309*_____

ii.     anesthesia machines                     _*358,827*_____

**4.15.     Gulfstream Anesthesia Service, Inc., d/b/a Doctors Depot**

4.15.1. Has Gulfstream Anesthesia Service, Inc., d/b/a Doctors Depot proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      anesthesia machines                     _____*Yes*_____

4.15.2. What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Gulfstream Anesthesia Service, Inc., d/b/a Doctors Depot for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.    anesthesia machines          735,510

### 4.16.    SAS Acquisitions, Inc., d/b/a Anesthesia Specialties

4.16.1. Has SAS Acquisitions, Inc., d/b/a Anesthesia Specialties proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.    GE anesthesia machine servicing         _yes_

4.16.2. What sum of money, if any, would fairly and reasonably compensate SAS Acquisitions, Inc., d/b/a Anesthesia Specialties for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.    GE anesthesia machine servicing          50,476

### 4.17.    Trinity Biomedical Solutions

4.17.1. Has Trinity Biomedical Solutions proven that its damages, if any, can be apportioned between its injuries that were unrelated to the alleged antitrust violation

31

and its injury to its business or property that was caused by the conduct you found to violate the antitrust laws?

Answer "Yes" or "No" with respect to each of the following relevant markets:

i.      GE anesthesia machine servicing          _____ Yes _____

4.17.2. What sum of money, if any, would fairly and reasonably compensate Trinity Biomedical Solutions for the injury to its business or property that you have found to violate the antitrust laws?

Answer in dollars and cents, if any, with respect to each of the following:

i.      GE anesthesia machine servicing          _____ 418,522 _____

*Please sign the verdict form and hand it to the Court Security Officer.*

## CERTIFICATION OF UNANIMOUS VERDICT

We, the jury, have reached a unanimous verdict as reflected by our answers to the foregoing questions.

4-26-2017
Date

███████████████
Jury Foreperson